IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD YATES, DANIEL YATES, | § § § | |
| *Plaintiffs,* | § § § | SA-18-CV-01120-FB |
| vs. | § § § | |
| LIBERTY MUTUAL GENERAL INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant's Motion for Partial Judgment on the Pleadings [#7]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#4]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Because Plaintiffs' class allegations fail to satisfy the requirements of Rule 23, the undersigned recommends the Court grant Defendant's motion and dismiss Plaintiffs' class allegations.

### I. Background

Plaintiffs Richard Yates and Daniel Yates originally filed this action in the 45th Judicial District Court in Bexar County, Texas against Defendant Liberty Mutual General Insurance Company. (Orig. Pet. [#1] at 12.) Plaintiffs' Petition alleges that they were in an automobile accident on March 15, 2016 with an underinsured motorist, Chase Gallagher, and as a result suffered serious and permanent injuries. (*Id.* at 15–16.) Plaintiffs claim Gallagher was 100% at

fault and yet their recovery from Mr. Gallagher was insufficient to compensate them for their injuries. (*Id.* at 16, 19.) Plaintiffs further allege that they were covered by an insurance policy issued by Defendant at the time of the collision, and the policy included coverage for underinsured motorists. (*Id.* at 18.) According to Plaintiffs, they filed a claim with Defendant under the subject policy and Defendant refused to pay Plaintiffs the benefits they are due. (*Id.* at 19–20.)

Plaintiffs sue Defendant for breach of contract, unjust enrichment, breach of the duty of good faith and fair dealing, and for violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act. (*Id.* at 19–34.) Plaintiffs also assert that they are authorized to pursue a class action against Defendant under the Texas Insurance Code on behalf of "other members of the buying public." (*Id.* at 27–28.) As a prerequisite to recovering underinsured motorist coverage, Plaintiffs also seek to determine the liability of Mr. Gallagher, who is not a party to this lawsuit. (*Id.* at 17–18.)

Defendant removed Plaintiffs' Petition to this Court on October 24, 2018 on the basis of diversity jurisdiction. 28 U.S.C. § 1332(a). On November 9, 2018, Defendant filed the motion for partial judgment on the pleadings that is the subject of this report and recommendation [#7]. By its motion, Defendant asks the Court to dismiss Plaintiffs' class allegations as insufficient under Federal Rule of Civil Procedure 23. Plaintiffs' response to the motion was due November 24, 2018. *See* Loc. R. CV-7(e) (responses to dispositive motions due within fourteen days of motion's filing). To date, Plaintiffs have not filed a response to the motion. Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed. In light of the lack of response and for the reasons that follow, the undersigned recommends the motion be granted.

## II. Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Furthermore, a court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, a court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *Twombly*, 550 U.S. at 570.

## III. Analysis

Defendant is entitled to the dismissal of Plaintiffs' class claims under the Texas Insurance Code. Defendant filed an answer in state court, and no counterclaims, cross claims, or third-party claims have been filed to date. (Answer [#1] at 42–43.) Accordingly, the pleadings are closed for purposes of Rule 12(c). Furthermore, Plaintiffs have neither alleged facts sufficient to satisfy the required four elements for class certification nor filed a motion to seek class certification pursuant to Rule 23.

A court may dismiss class allegations where "it is facially apparent from the pleadings that there is no ascertainable class." *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007.) Rule 23 requires four elements for class certification: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 459 (2013). In addition to meeting the requirements in Rule 23(a), a potential class action plaintiff must meet one of the three criteria in Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Finally, a proposed class must be "adequately defined and clearly ascertainable." *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970).

Plaintiffs fail to allege any of these elements and do not sufficiently define the proposed class of insured individuals. The extent of Plaintiffs' class allegations are that Defendant violated unspecified provisions of the Texas Insurance Code by misrepresenting the provisions of an insurance policy. (Orig. Pet. [#1] at 27.) Plaintiffs do not identify the proposed class aside from stating that Defendant may be liable to "other members of the buying public" for these

4

violations. (*Id.*) Plaintiffs' summary allegations are inadequate to sustain a class action under Rule 23 as the pleadings contain no "ascertainable class." *John*, 501 F.3d at 445. Nor have Plaintiffs attempted to clarify their allegations through the filing of a response to Defendant's motion. Accordingly, the Court should grant Defendant's motion for partial judgment on the pleadings.

## IV.  Conclusion and Recommendation

Having considered Plaintiffs' Original Petition in light of the arguments in Defendant's motion, as well as the lack of any response by Plaintiff, the undersigned recommends that Defendant's Motion for Partial Judgment on the Pleadings [#7] be **GRANTED** and the Court **DISMISS** Plaintiffs' class allegations.

## V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52

(1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 3rd day of December, 2018.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE